### SUSAN E. CONNER *v.* EDWIN SWAIN.

1. PLEADING : GENERAL ISSUE : DEFENCE UNDER.—In an action by a mechanic, to recover for work and labor done and performed for the defendant; his failure to complete the work according to contract may be given in evidence under the general issue.
2. ERROR: NO REVERSAL FOR ERROR NOT PREJUDICIAL.—It is not error to the defendant's prejudice, for the court to sustain improperly a demurrer to a special plea, setting up a defence which could have been made under the general issue, which was also pleaded by the defendant.

IN error from the Circuit Court of Adams county. Hon. Stanhope Posey, judge.

No counsel appeared for plaintiff in error.

*Davis,* for defendant in error.

FISHER, J., delivered the opinion of the court.

The plaintiff below brought this action in the Circuit Court of Adams county, to recover the amount of an account for work and services done and performed for the defendant.

The defendant pleaded the general issue, and a special plea, setting forth that the plaintiff had entered into a contract to make certain improvements on the machinery of the defendant's cotton-gin, for the sum of $250, and to have the work completed by a certain day; that he failed to complete the work within the time stipulated, and that it was entirely worthless when completed.

The court below sustained a demurrer to this plea, which presents the only point requiring consideration.

While we are of opinion that the plea presented a good defence to the action, and that the demurrer therefore ought to have been overruled, yet as the same defence could have been made under the general issue, the error of the court not being one to the defendant's prejudice, she cannot complain of it. The object of pleading was to enable the defendant to make her defence, and if it was as complete without the special plea as it was with it, she cannot say that she has been injured by the decision on the demurrer. It would be otherwise if the decision had deprived her of a valid defence.

Thus viewing the question, we are of opinion that the judgment of the court below ought to be affirmed.

Judgment affirmed.