### J. S. SOLOMON *v.* CITY COMPRESS COMPANY.

1. PRACTICE. *Amendment. Dismissal as to one defendant.*
   It is not error to permit a plaintiff, suing on a distinct and single cause of action, to amend by dismissing as to one of several defendants.

2. PLEADING. *Issues. Instruction. Departure.*
   An instruction making the right of the parties determinable upon issues not presented by the pleadings is erroneous.

3. SAME. *Departure. Case in judgment.*
   In an action for the use and occupation of land, where the only issue raised by the pleadings is whether an outstanding term in a stranger has been surrendered or abandoned, it is error to give an instruction which declares that the defendant should be held liable if the jury believes certain evidence, which, if true, establishes, not a surrender or abandonment, but an estoppel against defendant to deny that he is the assignee of the term and liable for the rent.

4. INSTRUCTION. *Material error. Verdict. New trial.*
   If there be evidence which would have supported a contrary finding, a verdict rendered on erroneous instructions will be set aside, unless it is clear that such instructions could not have influenced the result.

FROM the circuit court of Lauderdale county.
HON. S. H. TERRAL, Judge.

The opinion states the facts.

*Hamm, Witherspoon & Witherspoon*, for appellant,

Filed a very lengthy brief, which made, among other points, the following:

It was error to allow plaintiff to amend by dismissing as to defendant Wolfe. In the original and first amended declaration, Solomon is charged with owning the entire rent as a partner of Wolfe, and as assignee of a half-interest in the unexpired term. In the second amended declaration he is charged with liability for the other half of the rent in his individual capacity, and not as a partner. This was not amending, but making a new case. *Miller* v. *Northern Bank of Mississippi*, 34 Miss., 412.

It was likewise error to give instructions which announced plaintiff's right to recover if Solomon used and occupied the premises with plaintiff's permission. It should not have been submitted to the jury whether defendant was estopped to deny his liability for the rent. The issue tendered and accepted was solely whether the lease had been surrendered. The instructions were a clear departure from the case as made up by the parties themselves.

*Fewell & Brahan*, on the same side.

*A. J. McLaurin* and *Miller & Baskin*, for appellee.

There was no error in allowing plaintiff to amend by dismissing as to Wolfe. The latter had never been served with process, and had never appeared. In any event, it is permissible for a plaintiff to amend by dismissing as to one of several defendants. The case in 34 Miss., relied on by appellant, is not at all similar to this.

Under the facts, Solomon is estopped to deny the title of appellee to the leased property, or its right to the rent here sued for. If the case had proceeded against Wolfe, he could have successfully defended, on the ground that the plaintiff

had accepted Solomon instead of him as tenant. 2 Bush. (Ky.), 282; 129 Ill., 318; 12 Barb., 262; 1 Sanford, 5; 19 Mo., 118; *Phillips* v. *Sculthorpe*, 4 Eng. Com. L., 50; 2 Mich., 101; 19 Pa., 444; 22 Conn., 443; 43 Eng. Com. L., 263; 48 Wis., 48; 30 Minn., 515; 12 Pick., 125; 1 Gray, 325 and 332.

The proven declarations and conduct of Solomon clearly estop him from denying his tenancy and insisting on any offset.

Argued orally by *A. J. McLaurin,* for appellee.

Cooper, J., delivered the opinion of the court.

The appellee commenced this suit against appellant and one Fred Wolfe to recover certain rents reserved in a lease from L. A. Ragsdale to Wolfe, of date August 5, 1881, for a term of ten years.

The declaration consisted of a single count, by which it was averred that Ragsdale leased certain lands to Wolfe, by writing, for the term of ten years; that the plaintiff had become the assignee of the reversion, and of the rent due under the lease; and that Solomon was assignee, under Wolfe, of the undivided one-half interest in the term, whereby the defendants were liable to the plaintiff for the rent then due, for which judgment was demanded. Pleas were interposed by Solomon, the substance of which it is unnecessary to state, for, after interposing demurrers to them, the plaintiff abandoned its original declaration and filed an amended one. To the amended declaration, the defendant, Solomon, demurred, and the demurrer was sustained, and leave given plaintiff to file an amended declaration. Under this leave, the plaintiff filed a declaration containing three counts against Solomon alone. Each count sought to recover from this defendant rent accrued from August 15, 1888, to November 30, 1889, for the property known as the "City Compress," the same being the rent sought to be recovered by the original and and first amended declaration from Wolfe and Solomon.

By the first count, the plaintiff, as assignee of the reversion and rent, sought to charge the defendant as assignee of the term. The second count was for use and occupation of the premises by Solomon. The third count, after stating, in effect, the contents of the first, gave a somewhat detailed statement of the following circumstances relied upon as establishing an estoppel against the defendant to deny that he was the assignee of the term secured to Wolfe by the lease from Ragsdale.

In this count this history of the transactions between the plaintiff, or some of its members, and the defendant, Solomon, is given:

Some years after the execution of a lease from Ragsdale to Wolfe of the City Compress, Ragsdale died, devising said compress property, and a large quantity of other real estate, to his son, L. A. Ragsdale, Jr. Solomon, with six other persons, had entered into a contract with L. A. Ragsdale, Jr., for the purchase of the compress and other lands, agreeing to pay therefor the sum of two hundred and fifty-six thousand dollars, of which sum they had paid nine thousand dollars, and had bound themselves for the payment of the remainder. Solomon and his associates became alarmed by the magnitude of their engagement, and feared it would result disastrously because of their inability to meet the deferred payments as they matured, and were desirous of procuring other persons of financial ability to join them in the purchase. To accomplish this purpose, Solomon approached Robinson and Lyerly, and proposed that they, with Broach or Barber and Watkins, should join in the purchase of the whole property from Ragsdale, and, as an inducement to them to do so, he stated that the other purchasers would sell to these gentlemen, or to a corporation to be formed by them, the compress property, at and for the sum of fifty thousand dollars, and transfer to them the rents from August 15, 1888; and that he, Solomon, was the assignee of the term of Wolfe, and, as such, would pay the rents from said date without any set-off or recoup-

ment against the same. In accordance with this understand-ing, and relying upon the representations and promises of Solomon, these gentlemen joined in the agreement for the purchase of the property from Ragsdale, and bound themselves with those who had originally purchased said property for the payment of the purchase-price; that afterwards they formed the plaintiff corporation, to which the compress property and the rights to the rents from August 15, 1888, were conveyed, and that Solomon had failed and refused to pay the rents from August 15, 1888, as he had agreed to do.

There was a demurrer to the declaration, which was overruled, and then pleas and demurrers thereto, some of which were overruled and some sustained, and replications and demurrers thereto, some of which were also overruled and some sustained. The final result of the pleading was that the general issue to all the counts, with notice thereunder of the special matter attempted to be set up in several of the pleas, remained.

To the second count there was a plea that the plaintiff was not owner of the demised premises, because of an outstanding term in Wolfe, and to this plea a replication that Wolfe had surrendered and abandoned his term, to which replication there was a traverse.

To the third count there was a special plea, denying that the defendant was the assignee of the term of Wolfe, or had so represented to the plaintiff or to Robinson, Lyerly or others, or had made any promise to pay them or the plaintiff the rents for the compress property.

Before referring to the instructions on which the cause was submitted to the jury, we will dispose of the errors assigned to the action of the court in permitting the plaintiff to amend its declaration, and to its rulings in making up the issues upon which the trial proceeded.

The first error assigned is, that the court permitted the plaintiff to so amend the declaration as to set forth a new and different cause of action from that counted on in its original

declaration; that in the original, the rent sought was demanded of Wolfe and Solomon, while in the amended declaration Solomon alone is sought to be charged.

In *Miller* v. *Northern Bank of Mississippi*, 34 Miss., 412 (which is relied on by appellant in support of this assignment of error), there was a declaration against two defendants on a cause of action joint as to them. The suit was dismissed as to one of the defendants, but the declaration was not amended. After the evidence had been introduced and demurred to by the defendant, the plaintiff was permitted to add other counts as against the defendants severally, and the court then proceeded to hear and determine the demurrer which had been introduced under the original count. This was held to be error, but the judgment was reversed, and cause remanded with leave to both parties to amend their pleadings, the court stating that the proper course to have been pursued would have been for the court to have discharged the demurrer and directed the defendant to plead to the new counts.

We find nothing in this decision denying to the plaintiff, who is proceeding to recover on a distinct and single cause of action, to so amend his pleadings, by dismissing as to one defendant or otherwise, as to bring "the merits of the controversy between the parties fairly to trial."

The real controversy between the parties has been greatly obscured and confused by the course of pleading pursued. It would be unprofitable to examine in detail the wilderness of pleas and demurrers and replications appearing in the record.

It is sufficient to say that, as to the first count and the pleadings thereunder, they are eliminated by the instructions of the court to the jury, which were, in effect, that the plaintiff was not entitled to recover by reason of any thing contained therein. The same observation may be made in reference to the third count, except that the jury was permitted to find for the plaintiff thereunder, if from the evidence it believed the defendant made the representations and

promises therein- relied upon as constituting an estoppel against the defendant to deny that he was the assignee of the term of the lessee, Wolfe.

Upon these two counts, the first and third, we think the defendant by the pleadings secured all the issues he was entitled to. We fail to perceive what application the statute of frauds, set up in the sixth, seventh and eighth pleas, has to the controversy.

Recurring to the second count and the issue made thereunder, we find the substance to be as follows:

By the count, the plaintiff says it was the owner of the premises which were occupied by the defendant, by its consent, from August 15, 1888, to November 30, 1889, wherefore the plaintiff is entitled to recover for the use and occupation. The defendant pleaded, confessing the use and occupation, but setting up an outstanding term in Wolfe for the time rent was demanded, and to this the plaintiff replied that, at and before the 15th of August, 1888, Wolfe had surrendered and abandoned his term. The single issue, concisely and clearly joined under this count, was whether there had been a surrender and abandonment by Wolfe, as pleaded. On the trial of the cause, the plaintiff, by the instructions of the court, was permitted to free its controversy from the trammels of the issue it had accepted on this count. By the first instruction for the plaintiff, the jury was told that the plaintiff was entitled to recover for use and occupation if the evidence proved "that Solomon, with a view to inducing Lyerly, Robinson and Watkins to join the land syndicate and buy the compress, represented to them, in substance, that he had bought out the interest of Wolfe in the compress, and that he had no offsets that he would claim against them for rents after the fifteenth day of August, 1888, and that if they purchased the compress that the rents would be coming to them after the fifteenth day of August, 1888, and promised to pay the rent from that date; and if the jury further believe, from the evidence, that upon these representations Lyerly, Robin-

son and Watkins purchased the compress, and had the right to say who should be admitted into a compress company afterwards to be organized, and did afterwards organize with such parties as they chose to admit, the compress company which is plaintiff in this suit, then Solomon is liable for the use and occupation of the property, provided they believe, from the evidence, that Solomon occupied and used the compress and enjoyed the same for the time sued for."

The instruction is a clear and total departure from the issue tendered by the plaintiff and accepted by the defendant. By that issue, the plaintiff conceded the non-liability of the defendant under the second count of the declaration, unless Wolfe had surrendered and abandoned his lease. If that should be proved, the defendant, by his pleading, admitted liability under that count. But the court, at the plaintiff's instance, told the jury that a totally different and distinct state of facts would entitle the plaintiff to recover.

This was erroneous. Parties must recover upon the issues upon which the trial progresses or not at all. The orderly administration of justice would be subverted if those rules which have been established as essential to judicial proceedings are ignored or their limitations disregarded. The parties to legal proceedings must know the facts they intend to establish, and their legal effect when proved. Facts and law may be confessed by the pleadings; and, by confessions so made, litigants must be bound to the extent, at least, of the controversy in which they are made.

Without passing upon any other of the very numerous errors assigned, the judgment, for the error above noted, must be

> *Reversed, and the cause remanded for a new trial.*

Judge Woods takes no part in the decision of this case.

*Miller & Baskin* and *A. J. McLaurin,* counsel for appellees, Filed a suggestion of error, and supported it by a lengthy written argument, in which they contended that if the first

instruction was erroneous, appellant was not prejudiced by the error; that, if the facts set out in the instruction could not have supported a verdict under the second count, plaintiff would still have been entitled, under the third count, to a verdict for the amount stipulated in the lcase; that defendant had estopped himself to deny the contract, and he was therefore liable whether he kept the promise or not. That the error was material, see *Conner* v. *Swain*, 32 Miss., 245; *Welbourn* v. *Spears*, 32 Miss., 140; *Dozier* v. *Ellis*, 28 *Ib.*, 730; *Hewett* v. *Cobb*, 40 *Ib.*, 61; *Wright* v. *Weisinger*, 5 Smed. & M., 210; *Smith* v. *Nolen*, 2 How. (Miss.), 735; *Holloway* v. *Armstrong*, 30 Miss., 504.

COOPER, J., delivered the opinion of the court in response to the suggestion of error.

The court was reluctant to disturb the result reached in this case, which on the facts seemed to be equitable and just. But there was evidence upon which a verdict for the defendant might have been supported, and, under such circumstances, a verdict rendered upon erroneous instructions cannot be upheld unless it is clear that they could not have been effectual in producing the result.

Counsel for appellee, in an admirable suggestion of error, which we have read with interest, while conceding that the first instruction for the plaintiff is erroneous, argue to show us that the error could not have been influential, because, though the plaintiff would not, upon the facts required therein to be found by the jury, have been entitled to a verdict on the second count of the declaration, it would have been the duty of the jury finding such facts, to render a verdict for plaintiff on the third count.

But there are other instructions in the record which forbid the application of the principle to which counsel appeals.

By the first, second, third and fourth instructions for the defendant, the court had informed the jury that the plaintiff could not recover on the first or third counts of the declara-

tion. The court then gave directly conflicting instructions (which conflict alone created error) that the plaintiff might recover on the third count if the facts therein stated and relied upon as estopping the defendant from denying that he was assignee of the term, were proved. By the sixth and eleventh instructions for the plaintiff, the court also told the jury that the plaintiff should recover upon states of fact applicable neither to the issue joined under the second count nor to the matter of estoppel set up by the third count. If the sixth and eleventh instructions are sought to be applied to the first count, there will be distinct and palpable conflict between these instructions and the first and second instructions for the defendant.

We have given repeated and careful attention to the record, and, looking to all the instructions contained therein, are unable to find any definite and certain rule of law laid down thereby for the guidance of the jury. Entertaining this opinion, it would be unjust to appellee to direct a re-argument of the case, and it is therefore

<em>Denied.</em>