LOGAN *v.* CITY OF CLARKSDALE

No. 41801 April 10, 1961 128 So. 2d 537

*J. W. Kellum,* Sumner, for appellant.

718

*Maynard, FitzGerald & Maynard,* Clarksdale, for appellee.

LEE, P. J.

L. J. Logan, Jr. sued the City of Clarksdale to recover damages for personal injuries alleged to have been sustained by him as a proximate result of the negligence of the City. He charged, in his declaration, that he was operating the City's asphalt distributor and "applying a prime coat of asphalt on a street known as Rose Circle Drive in the Rose Garden Subdivision, lying adjacent to

said City''; that the asphalt primer was highly inflammable; that because of a defective muffler and tail pipe on the truck, the substance ignited and he was compelled to jump to safety; and that, in so doing, he sustained a painful and permanent injury to his left foot. He further charged that, at the time of his injury, he ''was then and there acting in the scope of his employment and in the furtherance of the business of the said City of Clarksdale.''

The answer of the defendant admitted that, on the occasion in question, the ''truck was being driven by a fellow employee and applying a prime coat of asphalt on Rose Circle Drive'', and ''that at the time of the accident described in the declaration of plaintiff, plaintiff was acting in the scope of his employment'', although it denied the way and manner in which the injury was said to have been sustained, and also plead the negligence of a fellow servant, the assumption of risk by Logan, and his negligence both sole and contributory.

Thus the issue in the lawsuit was whether or not Logan sustained an injury; and if so, whether or not it was proximately caused by the negligence of the City in furnishing him a defective instrumentality with which to do his work.

The evidence for the plaintiff conformed to the allegations of the declaration both as to his injury and to its causation by reason of the defective appliance. The plaintiff, in his testimony, after explaining where he was when the motor caught on fire and he was compelled to jump, was asked by his counsel, ''Now, at that time, do you know whether or not this Rose Circle Division was part of the City, or not?'', and his answer was, ''It was not.'' Later, on cross-examination, in explaining the necessity of haste in the construction of this street, the plaintiff testified that his superior told him that Mr. Kantor, who was building this subdivision, wanted to have open house that weekend; and also, in explaining

his previous written statement, he said that he signed it at the instance of Mr. Miller; and he then volunteered the statement of Mr. Miller, namely, ''don't tell the Board of Commissioners or none of them, because we are not supposed to be out there—that's out of the City Limits —a private project * * * they will never know the difference by me writing it this way. They said carry out the previous Board's intentions.''

When the plaintiff rested, counsel for the City moved the court for a peremptory instruction in the City's behalf on the ground that the testimony of the plaintiff himself showed that the accident in question occurred outside the corporate limits of the City, and thus was ultra vires and an act for which the City was not liable. The motion was sustained. From the judgment entered thereon, the plaintiff appealed.

The appellant contends that the trial court was in error in giving the peremptory instruction for two reasons: (1) The City was bound by its admission that the appellant, at the time of the accident, was acting within the scope of his employment; and (2) the question of ultra vires was not raised in the City's answer.

On the first proposition, he cites M. L. Virden Lumber Co. v. Sherrod, 167 Miss. 297, 139 So. 813, to show that a plaintiff need not prove facts which are admitted in the pleadings; and Mississippi Power and Light Co. v. Pitts, 181 Miss. 344, 179 So. 363, and Solomon v. City Compress Co., 69 Miss. 319, 10 So. 446, to show that courts must follow the pleadings and settle the rights of the parties accordingly; and Noxubee County v. Long, 141 Miss. 72, 106 So. 83, to show that a body politic is not a favored litigant, but is bound by the admission of its attorney in the same manner as an individual.

On the second proposition, the appellant says that the City, under Sec. 1475.5, par. 2(a), Code of 1942, Rec., was required to ''answer fully all the allegations of declaration without being specially interrogated'', and that

"All matters of fact averred in the declaration and not denied by the answer may be taken at the hearing as admitted"; and that the City did not give notice, under Sec. 1480, Code of 1942, Rec., of its desire to prove ultra vires as an affirmative matter in avoidance, and that, therefore evidence to that effect was not admissible.

Of course the City should know where all of its streets are. It was aware that it had an asphalt distributor; that the appellant operated the same; and that he had sustained an injury while engaged in the operation of that instrumentality. Counsel for the City concede that the answer erroneously admitted that appellant, at the time, was working within the scope of his employment.

The penalty for failure to give notice of the desire to prove affirmative matter in avoidance of the action is the forfeiture of the right to introduce evidence to that effect. But the City did not offer any evidence to show that the project was ultra vires and beyond its power. Except for the appellant's own testimony, given on his direct examination, no question of ultra vires would have been present in the case. The evidence of the appellant himself showed that, at the time of his injury, he was working on a road outside the City and on a project that was entirely private.

Municipalities can exercise only such powers as are granted to them by the legislature of the state. King v. City of Louisville, 207 Miss. 612, 42 So. 2d 813; Natchez v. Engle, 211 Miss. 380, 49 So. 2d 808, 51 So. 2d 564; Love Company v. Town of Carthage, 218 Miss. 11, 65 So. 2d 568.

Section 3374-129, Code of 1942, Rec., provides as follows: "The governing authorities of municipalities shall have the power to exercise full jurisdiction in the matter of streets, sidewalks, sewers, and parks; to open and lay out and construct the same; and to repair, maintain, pave, sprinkle, adorn, and light the same." Un-

der this section, no authority is granted the city to repair, maintain, or pave a road outside its corporate limits. A street is a road or highway within a municipality. City of Ellisville v. State Highway Commission, 186 Miss. 473, 191 So. 274.

 Municipalities, in repairing and maintaining their streets, exercise their corporate functions and are liable for their negligent acts. Warren v. Town of Booneville, 151 Miss. 457, 118 So. 290, and authorities there cited.

 On the question of acts ultra vires, 38 Am. Jur., Municipal Corporations, Sec. 582, pp. 277-8, reads in part as follows: "As a general rule, a municipal corporation is not liable in a civil action for damages to persons or property resulting from tortious acts which are wholly outside the powers conferred on the municipality by its charter or other legislative enactment; since a municipality cannot confer upon its officers and agents lawful authority to represent it beyond its corporate powers, the rule of nonliability applies to ultra vires acts of such officers or agents whether the acts are directed by the municipality or are done without express direction or corporate sanction. * * * The general rule of nonliability has been applied in the case of injuries resulting from an unauthorized extraterritorial exercise of power, and in the case of injuries to employees." See 63 C. J. S., Municipal Corporations, Sec. 761, p. 54, to the same effect.

In 38 Am. Jur., Muncipal Corporations, Sec. 591, p. 287, it is said in part: "The right of an employee to recover for injuries resulting from negligence in the course of activities or in the exercise of powers which are ultra vires is likewise subject to the same rule of nonliability that is applied to third persons." See also 63 C. J. S., Municipal Corporations, Sec. 762, pp. 55-6.

From whch it follows that the trial court properly sustained the motion for the directed verdict, and the cause must therefore be affirmed.

Affirmed.

*Arrington, McElroy, Rodgers,* and *Jones, JJ.,* concur.