PATTERSON, Justice.
This appeal arises from the Circuit Court of George County where the plaintiff sought payment under the terms of an insurance policy issued by the defendant for disabling sickness. The cause was heard by the court without benefit of jury and resulted in a verdict for the plaintiff. The defendant appeals here assigning as error, among other things, the following:
The trial court erred in finding and holding that plaintiff was entitled to recover for rheumatoid arthritis since the plaintiff’s proof conclusively shows this disabling sickness was “contracted” or “commenced” prior to the issuance of the policy and was therefore excluded by its terms.
We do not burden this opinion with the other assignments of error as the foregoing assignment is dispositive of the appeal.
The plaintiff alleged in his declaration that the policy was issued to him on July 22, 1958; that he became sick on September 7, 1961, while the policy was in effect. He further alleged that such sickness has caused continuous and total disability and total loss of time from gainful employment, and that said condition is permanent. He charged that as a result of this condition he is entitled to monthly benefits from the defendant under the terms of the policy.
The defendant in its answer admitted the issuance of the policy, but denied that the plaintiff developed his disabling condition on September 7, 1961.
The policy was introduced into evidence by stipulation. It indicates the policy was issued on July 22, 1958, its effective date, pursuant to the terms of an application therefor on June 1, 1958. The plaintiff testified that since 1958 he has been under the care and treatment of Dr. Tipton for arthri *831 tis. Dr. Tipton, a witness for the plaintiff, testified that he first treated the plaintiff in 1958 for arthritis and this treatment has continued to date. In response to this question hy the plaintiffs attorney, “I believe you stated he had arthritis since 1958, can you give us the month that you determined that ?”, the doctor answered, “I first saw him on 4-30-58, the first time I have ever seen him as a patient. He had it on that date but I don’t know how long he had it before that.” In continuation of this point on cross-examination his testimony was:
“Q. Dr. Tipton, you say the plaintiff in this suit, Mr. Harold Owen Cochran, has been your patient since April 30, 1958 ?
“A. Yes.
“Q. And at that time he was afflicted with this rheumatoid arthritis?
“A. Yes.”
He testified further that the plaintiff’s condition had been continuous and is permanent. This testimony is not controverted.
The insuring clause of the policy (Page 1 thereof) contains the following provision:
“Injury” as used in this policy means bodily injury which is the sole cause of the loss and which is effected solely through accident while the policy is in force. "Sickness” as used in this policy means sickness or disease contracted and commencing after the policy has been maintained in force for not less than thirty days from its date and causing loss of time commencing while the policy is in force. (Emphasis added.)
The plaintiff contends, however, that this provision in the policy is not effective here since the defendant did not assert by way of avoidance the pre-existing sickness as “affirmative matter” in its answer. He contends that this “affirmative matter” must be pled before evidence can be heard on the point as this is required by Mississippi Code Annotated section 1475.5 (1956), which in part is as follows:
If the defendant desire to prove by way of defense in an action, any affirmative matter in avoidance, which by law may have been proved heretofore under special plea he shall set forth in his answer to the action such affirmative matter and incorporate such defense therein, otherwise such matter shall not be allowed to be proved at the trial; * * *.
We are of the opinion that the plaintiff's contention is not well taken.
In Logan v. City of Clarksdale, 240 Miss. 716, 128 So.2d 537 (1961), the plaintiff, an employee of the City, sought damages as the result of personal injuries sustained by him during the course of his employment as the proximate result of the City’s negligence. The answer of the City admitted the plaintiff was acting within the scope of his employment at the time of the accident. On the trial of the cause plaintiff testified that the accident and injury occurred ouside of the corporate limits of the city. The court sustained a motion of the defendant for a peremptory instruction upon the close of the plaintiff’s testimony. The plaintiff appealed to this Court assigning as error “(1) The City was bound by its admission that the appellant, at the time of the accident was acting within the scope of his employment; and (2) the question of ultra vires was not raised in the City’s answer.” In disposing of these points the Court stated:
The penalty for failure to give notice of the desire to prove affirmative matter in avoidance of the action is the forfeiture of the right to introduce evidence to that effect. But the City did not offer any evidence to show that the project was ultra vires and beyond its power. Except for the appellant’s own testimony, given on his direct examination, no question of ultra vires would have been present in the case. The evidence of the appellant himself showed that, at the time of his injury, he was working on a road outside the *832 City and on a project that was entirely private. (Emphasis added.) (240 Miss. at 721, 128 So.2d at 539.)
This principle is applicable here as plaintiff’s condition, which was diagnosed as rheumatoid arthritis on April 30, 1958, was established by the testimony of plaintiff’s own witness on direct examination. The sickness having been established by the plaintiff, there was no need or necessity for the defendant to introduce evidence on the same point, and since the defendant offered no proof, the penalty (the forfeiture of the right to introduce evidence) did not come into effect.
The plaintiff further contends that the •quoted portion of the insuring clause is not applicable as it is rendered ineffective by Part R, paragraph 2, of the policy, which provides:
Time Limit on Certain Defenses: After two years from the date of issue of this policy no misstatements, except fraudulent misstatements, made by the applicant in the application for such policy shall be used to void the policy or to deny a claim for loss incurred or disability (as defined in the policy) commencing after the expiration of such two year period. (Emphasis added.)
In support thereof he points out that more than two years have elapsed since July 22, 1958, the effective date of the policy, and October, 1961, the date the claim was filed.
In response to question number 7 in the application for insurance, “Are you in sound and healthy condition mentally and physically to the best of your knowledge and belief?”, the plaintiff answered, “Yes.” In response to question number 8(a) therein, “Have you in the past five years consulted a physician or surgeon for examination, advice or treatment or been told you have any injury, disease, or illness whatsoever?”, he answered in the negative though he did, in response to question number 10 (c), “Have you ever been treated for or told that you had rheumatism, arthritis, lumbago, sciatica, sacroiliac disorder or lame back?”, answer in the affirmative, and in explanation thereof as requested by the application to give full details of any affirmative answer in question numbers 7, 8, 9, and 10, he noted under “injury or disease” the word “arthritis, November, 1956, Dr. A. K. Mc-Millen, Lucedale, Mississippi.” No mention was made in the application of treatment by Dr. Tipton on April 30, 1958, for rheumatoid arthritis, only thirty-one days prior to the application. Assuming, but not deciding, that an omission, is a misstatement, the interpretation of Part R, paragraph 2, of the policy, urged upon us by the plaintiff in support of his position is not well taken as it shows upon its face that it was not intended to cure misstatements concerning sickness which pre-existed the policy.
Under the facts established by plaintiff’s testimony his disabling sickness resulted from rheumatoid arthritis which “commenced” before the policy had been in force for thirty days. Plaintiff’s right to recover is therefore excluded by the express terms of the policy.
Reversed and rendered.
GILLESPIE, P. J., and BRADY, SMITH and ROBERTSON, JJ., concur.