SMITH, Justice.
Appellee, the City of Tupelo, filed an-application for organization of the Special: Court of Eminent Domain for the purpose of condemning for public use 0.36 acres of land belonging to appellants, Donald E. Colbert, Carolyn Dacus Dorris, and Alicia Ann* Dacus Stigler. This land was situated outside the municipal corporate limits.
Appellants applied to the Circuit Court of Lee County for a writ of prohibition, under the provisions of Mississippi Code-Annotated section 2782 (1956), and a temporary writ was issued by that court, ordering the hearing stayed in the Court of Eminent Domain.
Following a trial upon the merits in the-suit for the writ of prohibition, the circuit court entered an order declining to make the writ permanent and directing that the Special Court of Eminent Domain proceed. From that order, this appeal has been prosecuted.
The sole question raised and argued on-appeal is whether the City of Tupelo has. authority to acquire land by condemnation for the construction of a public street, when-the land lies outside the corporate limits.
The only case cited by appellants and’ argued as supporting the negative view, is. Logan v. City of Clarksdale, 240 Miss. 716, *320 128 So.2d 537 (1961). Other cases cited relate to rules of statutory construction.
The facts essential to a decision of the case are these:
The governing authority of the City of Tupelo determined that public convenience and necessity required an extension of Davis Street so as to connect the eastern portion of the City, known as East Heights (formerly the Town of East Tupelo) with an industrial area in the central part of the City. The proposed extension will cross an inset in the municipal boundaries of approximately one-half mile, and will include a bridge of 1020 feet. This bridge will span the confluence of two large creeks, known as King’s Creek and Town Creek. Appellants owned the tip of land lying within the confluence of these creeks. All other property necessary for the project had been acquired by the City, either by purchase or donation. It was for the condemnation of this tip of land, for the above public use, that the City of Tupelo had made application for the organization of the Special Court of Eminent Domain. '
After the circuit court denied the petition for a permanent writ of prohibition, the eminent domain case proceeded to trial and an award of compensation and damages was made to appellants in the sum of $1500. This was duly paid to the circuit court clerk and construction of the project has begun.
It is not necessary to go beyond the provisions of Mississippi Code Annotated section 3374-128 (Supp.1964) to discover ample authority for the acquisition of this property by the City of Tupelo, for the above public use, although outside the city limits.
The legislative grant to municipalities of the power of eminent domain, as contained in section 3374-128, supra, is as follows :
“The governing authorities of municipalities, * * * shall have the power to exercise the right of eminent domain in the laying out of streets, avenues and alleys; and to secure land for parks, cemeteries, schoolhouses, fire departments, market houses, and for the construction of any public building; and in any other case where the land is to be used for public purposes; and in the straightening and widening of streets or changing the grade thereof; and the construction or repair of sidewalks, sewers, and other improvements; and in the laying out, constructing, erecting or perfecting of levees, or a system of levees, for the protection of such municipality or any part thereof, or for the protection of any public work or building, and for the construction or perfection of its drainage system; and to establish, alter and change the channel of streams or water courses or ditches, and for land to bridge same. Such governing authorities * * * may exercise the right without, as well as within, the corporate limits of the municipality; and this right may be exercised by any municipality * * * ” (Emphasis added.)
The language of the above statute is neither unclear nor ambiguous, nor does it require the application of special rules of construction in order to understand it or to determine its meaning. It contains a clear grant of the power sought to be exercised by the City of Tupelo in this case. Logan v. City of Clarksdale, supra, cited by appellants, was a suit by Logan against a municipality for damages for personal injuries. It has no application here. In Logan, supra, this Court held only that Logan, a city employee, was engaged in working on private driveways outside the city at the time of his injury, and that, as to the city, his employer, this was ultra vires and consequently Logan could not recover. It did not involve nor touch upon the right of a municipality to acquire and own land outside its boundaries to construct and maintain a street required by public convenience and necessity.
*321 The circuit court correctly declined to grant a permanent writ of prohibition, and its action in so doing should be affirmed.
Affirmed.
GILLESPIE, P. J., and PATTERSON, INZER and ROBERTSON, JJ., concur.