McMILLIN, Presiding Judge,
for the Court:
¶ 1. Edward W. Moore was convicted of driving his vehicle in excess of the posted speed limit in the City Court of the City of Louisville. He appealed to the Winston County Circuit Court where the case was tried de novo as a bench trial. Moore was once again found guilty. He has now appealed that conviction to this Court. We affirm.
¶2. Moore’s vehicle was detected on a radar device operated by a Louisville police officer as traveling at a speed of seventy miles per hour in a zone where the posted speed limit was fifty-five miles per hour. The officer testified that he stopped the vehicle, identified the driver to be Moore, and issued him a uniform traffic citation. The *1137 alleged speeding incident occurred within the corporate limits of the city of Louisville on a section of Mississippi Highway 25.
¶ 3. Moore raises three issues in this appeal, any of which would require this Court to reverse and render the conviction if found to have merit. First, he charges that the police officer was not authorized to use a radar device in his law enforcement activity on a state highway due to the prohibition contained in Section 63-3-519 of the Mississippi Code. This violation of the statute, according to Moore’s argument, rendered the evidence inadmissible since it was gathered by illegal means. Second, he claims that the uniform arrest ticket, which serves the purpose of a criminal affidavit, was fatally defective under Section 169 of the Mississippi Constitution for its failure to conclude with the words “against the peace and dignity of the State of Mississippi.” Finally, he claims that the prosecution failed to prove beyond a reasonable doubt that he was the driver of the vehicle at the time the alleged offense occurred.
I.
The Use of Radar Speed Detection Equipment
¶4. Moore correctly states that the only evidence that the vehicle was speeding was the officer’s testimony of the read-out of the radar device he was using at the time. Moore claims that this evidence was inadmissible because the device was being used in direct violation of the provisions of Section 63-3-519 of the Mississippi Code, which states, in part:
It shall be unlawful for any person or peace officer or law enforcement agency, except the Mississippi Highway Safety Pa- • trol, to purchase or use or allow to be used any type of radar speed detection equipment upon any public street, road or highway of this state. However, such equipment may be used:
1. By municipal law enforcement officers within a municipality having a population of two thousand (2,000) or more upon the public streets of the municipality....
Miss.Code Ann. § 63-3-519 (Rev.1996).
¶ 5. Moore contends that the above’exception does not apply in this instance to overcome the general prohibition on use of radar equipment by this municipal police officer. Moore does not deny that Louisville’s population exceeds two thousand. Instead, he argues that a state highway running through a municipality is not a “public street” within the meaning of the exception.
¶ 6. This Court declines to put such a fine point on the matter. Previous decisions of the Mississippi Supreme Court have recognized that the term “street” is, in essence, a term of art for a “road or highway within a municipality.” Logan v. City of Clarksdale, 240 Miss. 716, 722, 128 So.2d 537, 540 (1961) (citing City of Ellisville v. State Highway Comm’n, 186 Miss. 473, 191 So. 274, 275 (1939)). This Court takes judicial notice that, in many of the cities and towns of this state, the primary development of the municipality has occurred along state highways that provided the transportation links essential to the municipality’s economic strength. Thus, the streets through many downtown areas of this state’s municipalities are — or were prior to the advent of bypasses — actually parts of the state highway system though, within the limits of the municipality, those highways were indistinguishable from any other public way.
¶ 7. The authority of a municipality to enact laws in the form of ordinances governing conduct within its borders is not the subject of legitimate dispute. “The governing authorities of municipalities shall have power to make all needful police regulations necessary for the preservation of good order and peace of the municipality....” Miss.Code Ann. § 21-19-15 (Rev.1990). Neither can there be any dispute over a municipality’s authority to enforce its ordinances. “The governing authorities of municipalities shall have the power and authority to employ, regulate and support a sufficient police force.... ” Miss. Code Ann. § 21-21-3 (Rev.1990). This police power extends so far as to give municipalities authority to set the speed limit on the portion of a state highway that lies'within *1138 a municipality. Miss.Code Ann. § 63-3-511 (Rev.1996).
¶ 8. Given the broad power of a municipality to police the conduct of individuals within its borders and the commonly accepted meaning of the term “street,” we decline to adopt the strained reading of Section 63-3-519 that Moore urges. For purposes of the use of radar speed detection devices as regulated by Section 63-3-519, we conclude that the term “street” encompasses portions of the state highway system that lie within the corporate limits of a municipality.
II.
The Constitutionally Mandated Language of the Charging Document
¶ 9. Moore was issued a uniform traffic ticket that did not conclude with the language “against the peace and dignity of the State of Mississippi.” Such language, at least insofar as an offense against some provision of the Mississippi Code is concerned, is mandatory and its absence has, in the past, been fatal to convictions based on such an indictment or affidavit. MISS. CONST. of 1890 art. VI, § 169; Powell v. State, 196 Miss. 331, 334, 17 So.2d 524, 524-25 (1944).
¶ 10. However, in this ease, the trial court found that Moore was not being charged for violating a state law. Rather, he was, according to the trial court’s ruling, charged with a violation of a municipal ordinance of the City of Louisville governing permitted speeds on the city’s streets. Written notification of the charge of a criminal violation of a municipal ordinance is not deemed to invoke the provisions of Section 169 of the Mississippi Constitution and need not conclude with the language mandated by that section. Sartain v. City of Water Valley, 528 So.2d 1125, 1126-27 (Miss.1988).’ Therefore, this issue is without merit.
¶ 11. Parenthetically, we observe that, ip all events, Moore’s argument, has lost much of its force. In 1995, the supreme court, without directly overruling any prior cases, decided that the omission of the words “against the peace and dignity of the State of Mississippi” was a formal defect curable by amendhient and deemed waived if not raised by timely demurrer. Brandau v. State, 662 So.2d 1051, 1054-55 (Miss.1995). Thus, except in the case of an obstinate prosecutor wdio refuses to seek leave to amend after the defect is pointed out, reversals of criminal convictions based upon an untimely assertion of this technical (though certainly constitutional) omission in an indictment or affidavit appear to be a thing of the past.
III.
Failure to Identify the Defendant
¶ 12. Finally, Moore claims that there is no evidence in the record that he was the driver of the vehicle at the time it was discovered to be moving in excess of the speed limit. The arresting officer testified that, after stopping the vehicle, he identified the driver to be Edward W. Moore. Moore’s attorney did not cross-examine the officer on the issue of possible misidentification and the defense did not call any witnesses after the prosecution rested. At the conclusion of the evidence, when the trial court asked if either party wished to be heard in summation, the defense did not even bother to raise this alleged failure in the proof as a ground for acquittal.
¶ 13. In view of the absence of any impeachment of the officer’s testimony through cross-examination and the lack of any affirmative evidence produced by the defense tending to east doubt on the identification, we have no trouble in finding this issue to be devoid of merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY OF CONVICTION OF SPEEDING AND SENTENCE OF $50.00 IN FINES AND ASSESSMENTS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
BRIDGES, C.J., THOMAS, P.J., and COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.