246 Miss. 868 (1963)
152 So.2d 921
FEDERAL COMPRESS AND WAREHOUSE COMPANY
v.
DEPENDENT OF CLARK
No. 42676.
Supreme Court of Mississippi.
May 13, 1963.
*869 Nicholson & Moore, Memphis, Tenn.; Frank A. Riley, Tupelo, for appellant.
Roy O. Parker, Billy W. Shelton, Tupelo, for appellees.
*870 LEE, P.J.
This is a case under the Workmen's Compensation Statute. Morphis Clark, fifty-eight years of age, earning $40 per week, and several other employees, on August 29, 1960, were underneath the warehouse of Federal Compress and Warehouse Company of Tupelo, Mississippi, engaged in leveling the building. The floor was not high enough for them to stand. Instead, they had to work on their knees. While so engaged, some of his fellow workmen observed that Clark had fallen on his face into the dirt; upon his removal from underneath the building, it was found that he had suffered an attack. Medical aid was obtained promptly, but Clark was then dead.
Dr. Lawson Costley, Jr., a pathologist, performed an autopsy from which it was disclosed that the deceased suffered "(1) Severe, generalized atherosclerosis; (2) Severe coronary artery atherosclerosis; (3) Thrombosis of circumflex branch of the left coronary artery secondary to No. 2 above." There was no history of previous attacks.
Dr. Eugene M. Murphey, III, an internist, with information as to the result of the autopsy, testified as an expert. He stated that there was no evidence of damage to Clark's heart muscles by reason of any previous impairment or infirmity. He explained that the thrombosis, or clot, in this case closed the narrow artery, but that the closing was not caused by clogging from calcium or fatty deposits. Both doctors agreed that Clark had a pre-existing disease or condition of the heart, which, upon unusual exertion or effort, would probably result in further injury to the heart, and that the kind of work which he was doing at the time of his death was sufficient to produce such aggravation and thus result in the attack which he sustained. Dr. Murphy was not even asked to make an estimate of the percentage, *871 if any, that the pre-existing heart condition contributed to the occurrence of death.
Dr. Costley was asked this question: "Could you at all estimate what percentage this physical condition might have contributed to his death and if his work might have aggravated or hastened his death?" A. "No, I'm afraid I couldn't specifically answer that question. I don't know that I can even estimate a percentage as a contributing cause, because this situation would not have been 100 percent a contributing factor on that basis." Subsequently, after the attorney-referee called the attention of the witness to Par. 2, Sec. 4 of the Act and let him read it, giving him time to think over his answer, and stating that this information was needed, the witness was asked this question: "What percentage would you estimate that this pre-existing condition had in his death?" and he thereupon answered: "Well, that would be purely arbitrary." Again the attorney-referee admonished the doctor that he was the last doctor to be called; that Dr. Murphey had not been asked this question; and that unless the witness would estimate it as correctly as he could, the record would be incomplete as to that portion; and thereupon the doctor said: "Well, it will be purely arbitrary  I would say at least 3/4 of the cause of his death was contributed to the body as a pre-existing condition." Then he was asked: "About 75 percent, is that correct?" and he answered: "Yes, that is as near as I can say. If any other Doctors testify to this, I will say it is purely arbitrary."
When the attorney-referee's finding came on for consideration, the three commissioners held three different views. Finally, the Commission, all members agreeing, ordered that the Federal Compress and Warehouse Company pay the claimant, Mamie Clark, surviving widow, compensation at the rate of $10 per week effective August 29, 1960, and continuing such payments at said rate *872 for a period of 450 weeks. On appeal, the circuit court affirmed the order of the Commission, and the employer has appealed here.
The appellants say, in effect, that the widow's compensation, if there had been no pre-existing physical handicap, under Sec. 6998.13 (c), Code of 1942, Rec., as amended, would have been 35% of the decedent's average wage of $40 per week, that is, $14 per week. Consequently they argue, that since Dr. Costley estimated the pre-existing physical handicap as a material contributing factor to the extent of three-fourths, the Commission should have reduced the benefits accordingly.
The second paragraph of Sec. 1, Chap. 277, Laws of 1960, Sec. 6998.04, Code of 1942, Rec., provides as follows: "Where a pre-existing physical handicap, disease or lesion is shown by medical findings to be a material contributing factor in the results following injury, the compensation which, but for this paragraph, would be payable shall be reduced by that proportion which such pre-existing physical handicap, disease or lesion contributed to the production of the results following the injury."
In Cuevas v. Sutter Well Works, 245 Miss. 478, 150 So.2d 524, this Court held that the burden of proof is upon the employer and its carrier to establish the pre-existing handicap, disease or lesion by medical findings, show that it is a contributing factor, and reduce the compensation otherwise payable by that proportion which the pre-existing condition contributed to the production of the results following the injury; and the evidence to support those factors must be substantial.
Dr. Costley's estimate, after insistence by the attorney-referee, was purely arbitrary and highly speculative and conjectural. When tested by the rules announced in a number of Mississippi cases, it had little, if any, value whatever as evidence. Obviously it could *873 not serve as a sufficient foundation upon which to base such a harsh judgment.
It is true that the Commission did not have before it any estimates for accurate findings. The Legislature, in its enactment, provided no rule or gauge whatever. But, in this instance, the evidence showed that the work which Clark was doing, because of his physical condition, was damaging to him; and that this damage to him, having resulted in his death, damaged his employer. (Hn 1) So, the evidence showed unmistakably that the pre-existing condition was a factor in the result following the injury (Hn 2) and afforded just grounds, under the statute, to reduce the compensation. This is what the Commission did with the best information obtainable at the time. They made a substantial reduction, namely, 28 4/7%, reducing the weekly payments to $10.00  the minimum.
It therefore follows that the order of the Commission, as affirmed by the circuit court, be, and it is, hereby affirmed.
Affirmed.
Arrington, Ethridge, McElroy and Rodgers, JJ., concur.