SMITH, Justice.
This is an appeal from a judgment of the Circuit Court of Adams County affirming an order of a majority of the Workmen’s Compensation Commission declining to apportion an award of death benefits. -
This is the second appearance of this case here, the opinion of the Court on the former appeal appearing in 250 Miss. 407, 165 So.2d 336 (1964).
At the original hearing, it was stipulated' that the issue was whether there was a-causal connection between decedent’s death, and his employment. There was no dispute-that the immediate cause of death was the rupture of a preexisting aortic aneurysm.
The attorney referee and the full commission reached the factual conclusion that there was no causal connection whatever between decedent’s employment and his death and denied the claim. This judgment was affirmed by the circuit court. Upon appeal by the claimant, the widow and sole *219 dependent of the decedent, this Court reversed, and remanded the case to the Workmen’s Compensation Commission, saying:
“After careful consideration of the record we are of the opinion that the •overwhelming weight of the evidence •shows that the physical labor which the -deceased performed on the day of his •death aggravated his preexisting condition and contributed to the ruptured ■aneurysm zvhich caused his death/’ (Emphasis added.) (250 Miss, at 413,165 So.2d at 338).
When the case reached the commission •on remand, two of the commissioners considered that, because the employer had defied that there was any causal connection whatever between the employment and death, and had not, in addition, by formal ■plea expressly interposed the pro tanto defense of apportionment at the original hearing, no apportionment of the award -could now be made.
Four of the justices consider that, on the •evidence before the commission, apportionment would have been required, if it had ibeen pled originally. But they are of the opinion that it is not now permissible, the respondents not having expressly interposed that additional and partial defense by ■separate plea at the original hearing. The majority has concluded, however, that the ■undisputed causal connection between the ■preexisting condition, asserted and proved by claimant, as an integral and indispensable part of her claim, requires apportionment under Mississippi Code Annotated section 6998-04 (Supp.1964), and that such apportionment is mandatory under these circumstances.
The difficulty in this regard seems to have arisen from a construction of a stipulation made at the beginning of the original hearing that the sole question to be determined was whether or not there was a causal connection between the employment and the death.
Claimant’s application for compensation benefits under section (e), paragraph two, which provides a space for "description of accident and cause of injury,” states: “Suffered a ruptured vascular aneurysm aorta while engaged in work.”
The employer-carrier denied that there was any causal connection between decedent’s employment and his death. It will be noted that the resulting issue was not whether a preexisting condition was a contributing factor in the death. That was not disputed. The preexisting condition was asserted on claimant’s claim form, and the burden was upon claimant to prove it as an integral and indispensable part of her claim that activity on the job precipitated the rupture of the existing aneurysm.
The affirmative defense of a preexisting disease is what this Court has said must be pled. In the view of a majority of the Court, it was not necessary under the above circumstances that the employer-carrier plead or prove as an affirmative defense that which was asserted and proved by claimant as an integral and indispensable part of her claim.
Several doctors testified for each side at the hearing, and the result of the autopsy was introduced into evidence by claimant.
Without dispute, competent medical findings, properly before the commission, show that death resulted from a rupture of the preexisting aneurysm described on the claim form and disclosed by the autopsy.
Counsel correctly stated to the commission that the sole question was whether there was a causal connection between the employment and the death. This was the only matter of fact at issue. There was no “issue” as to the causal connection between the preexisting lesion and the death. This was the conditio sine qua non of the claim. It was asserted by claimant and proved by undisputed competent medical findings, properly before the commission. The degree to which it contributed, if any, became *220 a matter for determination by the commission.
Under the stated circumstances of this case, no further pleading was necessary in order to require apportionment upon the basis of the evidence. To hold otherwise, under the facts here, would impose upon the commission a rule of pleading more harsh and archaic than that obtaining in any court within this state in the last century.
In 1960, the Mississippi Legislature amended the Workmen’s Compensation law, Mississippi Code Annotated section 6998-01 through 6998-54 (Supp.1964), imposing upon the Court the duty that the “act shall be fairly construed according to the law and the evidence.”
While the question does not appear to have been determined in any Mississippi case involving workmen’s compensation law, it has long been recognized in the courts, as a rule dictated by reason and fairness, that where all of the facts which would constitute a defense are established by proof introduced by a plaintiff, this obviates the necessity on the part of the defendant to establish these facts. Bridges v. Jackson Elec. Ry., Light & Power Co., 86 Miss. 584, 38 So. 788 (1905).
The most recent statement of the rule by this Court appears in Prudence Life Ins. Co. v. Cochran, 183 So.2d 830 (Miss.1966).
In that case, it was contended that an exclusionary provision in an insurance policy was not effective to relieve the company of liability, because it was not pled as an affirmative defense in its answer. The Court cited Logan v. City of Clarksdale, 240 Miss. 716, 128 So.2d 537 (1961), and held that the contention was not well taken because the facts constituting that affirmative defense were established by the testimony of plaintiff’s own witness.
In Southeastern Construction Co. v. Dependent of Dodson, 247 Miss. 1, 153 So.2d 276 (1963), this Court, in discussing the workmen’s compensation statute on apportionment, said:
“There is some analogy to the Mississippi comparative negligence statute. Miss.Code 1942, Rec., sec. 1454. It provides that in actions brought for personal injuries the fact that the person injured may have been guilty of contributory negligence shall not bar a recovery, ‘but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured * *.’ Apportionment of negligence by the jury in tort actions, and apportionment by the commission of the contribution to injury of a workmen’s preexisting disease, are not dissimilar. The right to apportion the damages under the comparative negligence act is for the jury, in the light of the circumstances and reasonable bounds. Vaughan v. Bollis, 221 Miss. 589, 595, 73 So.2d 160 (1954); Natchez & S. R. Co. v. Crawford, 99 Miss. 697, 55 So. 596 (1911).” (247 Miss, at 16, 153 So.2d at 283.)
This Court has held repeatedly that the jury may properly consider contributory negligence in diminishing an award of damages against a defendant, although not pled, if the proof discloses that such contributory negligence was a proximate contributing cause of the injury. The cases on this point are collated in a recent opinion of this Court in Herrington v. Hodges, 249 Miss. 131, 161 So.2d 194 (1964).
In addition to the complete and detailed autopsy report which was introduced into evidence by claimant, the commission had before it the testimony of at least five doctors, and the medical and other evidence relating to the cause of death was unusually complete and detailed.
The autopsy disclosed a larg-e aneurysm, the rupture of which caused death. The medical findings were that this was a natural lesion, wholly unrelated to the employment either in origin or growth, and that its size and condition showed it had *221 been developing over a period of many years.
In Federal Compress & Warehouse Co. v. Dependent of Clark, 246 Miss. 868, 152 So.2d 921 (1963), this Court approved an apportionment of the award. In that case, it was contended that the evidence was insufficient to support an apportionment. This Court said:
“ * * * jn instance, the evidence showed that the work which Clark was doing, because of his physical condition, was damaging to him; * * * So, the evidence showed unmistakably that the pre-existing condition was a factor in the result following the injury and afforded just grounds, under the statute, to reduce the compensation. This is what the Commission did with the best information obtainable at the time. * * * ” (246 Miss, at 873, 152 So.2d at 923.)
In Southeastern Construction Co. v. Dependent of Dodson, supra, the question was raised as to the “extent of an administrative agency’s discretion in determining the apportionment of compensation death benefits, between that due to the injury and that due to a preexisting symptomatic coronary artery disease; * * (247 Miss, at 5, 153 So.2d at 277.)
The Court continued:
“The evidence showed, by medical findings, that Dodson had a preexisting, symptomatic coronary artery disease. All three of the doctors who testified agreed upon this. The detailed testimony of the widow as to his symptoms and complaints supports their conclusions. The evidence also reflected, and the commission found, that this preexisting disease was a ‘material contributing factor in the results following injury.’ Hence all of the statutory requisites for apportionment of compensation were shown by the evidence and found by the commission to exist.” (247 Miss, at 8, 153 So.2d at 279.)
This was true here. All of the statutory requisites were proved by evidence which was competent and uncontradicted, and not only without objection but through the medical findings of claimant’s own doctors. That formed the very basis of the claim. No special or further pleading could have done more to warrant the establishment of the facts, and it is these facts which require reduction of the award under the statute.
The original order of the commission at the original hearing was based upon a factual finding that death resulted exclusively from the preexisting condition. The holding of this Court on the former appeal in no sense overturned the finding of the causal connection between the existing condition and the death, but merely determined that this was not the sole or exclusive cause, but, in some degree, the employment was a contributing factor, in that activity on the job had precipitated the rupture of the aneurysm.
In the course of its consideration of the question of apportionment in the Dodson case, supra, the Court said:
“In the instant case, all conditions precedent to a required apportionment are' present. The difficult problem is determining what portion of Dodson’s injury and resulting death was caused by his coronary artery disease. This involves the degree of apportionment.” (247 Miss. at 9, 153 So.2d at 280.) (Emphasis added.)
The Court further said:
“In the instant case, all statutory requirements for apportionment are present. Inability to show with mathematical accuracy the degree of contribution of the preexisting disease does not erase the statute. Admittedly cardiac cases constitute a peculiarly difficult problem in compensation law. McNiece, Heart Disease and the Law (1961), pp. 57 et seq.” (247 Miss, at 18, 153 So.2d at 284.)
On the former appeal, this case was reversed and remanded to the commission for the purpose of having that agency fix *222 the amount of the award. All of the evidence necessary to make the apportionment is now before the commission.
In 101 C.J.S. Workmen’s Compensation § 790 at p. 39 (1958), it is stated:
“Unless required by the mandate, the compensation authorities need not receive new evidence and may proceed on the evidence previously received. A repetition of the evidence presented at the original hearing is not necessary, and the board has discretion as to whether or not to receive additional evidence.”
Appellee relies upon Miss. Federated Cooperatives v. Roberts, 248 Miss. 732, 160 So.2d 922 (1964), as governing this case. That case is distinguishable from the case now before the Court in several controlling particulars. In the cited case, this Court said:
“The appellants (employer-carrier) concede that the claimant did sustain an accidental injury in the course of his employment for which they voluntarily paid ■compensation, * * (248 Miss, at 735, 160 So.2d at 923.)
Also:
“ * * * all of the doctors, * * * ■conceded that he (claimant) had some physical injury as a result of the accident.” (248 Miss, at 737, 160 So.2d at 924.)
The voluntary payments to Roberts were stopped on the basis that he had reached ■maximum recovery. The issue was whether Roberts’ continued disability, if any, was referable to the “on the job” injury to his lower back. On medical evidence, which the court said was conflicting, a further award was made. The Court rejected the contention on the part of the employer-carrier that this award should have been apportioned, saying:
“On the third proposition, it is sufficient to say that the appellants neither pled nor offered any proof on which to base an apportionment on account of a pre-existing injury. Procedural rule No. 4, was adopted by the commission as provided in Section 6998-43 (f) of the Code. That rule in effect provides that, unless affirmative defenses are pled, they shall be deemed waived. See also 100 C.J.S. Workmen’s Compensation § 500, pg. 444.” (248 Miss, at 739-740, 160 So.2d at 925.) (Emphasis added.)
The Court continued:
“In Cuevas v. Sutter Well Works, 245 Miss. 478, 150 So.2d 524, it was held that the burden of establishing the physical handicap, disease or lesion for which a reduction of the compensation may be made is upon the employer and its carrier. It is an affirmative defense to be asserted and proved. In Federal Compress and Warehouse Co. v. Clark’s Dependent, 246 Miss. 868, 152 So.2d 921, the above rule was reaffirmed, but the proof was held to be sufficient to show contribution from the pre-existing condition, although the exact extent thereof was not definite. See also Southeastern Construction Co. v. Dodson’s Dependent, 247 Miss. 1, 153 So.2d 276.” (Emphasis added.) (248 Miss. at 740, 160 So.2d at 925.)
In the case now before the Court, the preexisting physical handicap, disease or lesion requiring reduction of the compensation was specifically asserted or pled. It was immaterial that it was asserted or pled by the claimant. Also, here, the physical handicap, disease, or lesion was fully established by the medical findings, and its causal connection with the death was not in dispute. In fact, it was necessary that claimant assert and prove the pre-existing aneurysm in order to support her theory that decedent’s activity or exertion on the job precipitated its rupture.
Nor was it conceded in the present case that there was any causal connection between the employment and the employee’s death, all causal connection between the employment and death having been denied. *223 Section 6998-04 contains the following provision:
“Compensation shall be payable for disability or death of an employee from injury arising out of and in the course of employment, without regard to fault as to the cause of the injury, subject to the following:
“Where a pre-existing physical handicap, disease or lesion is shown by medical findings to be a material contributing factor in the results following injury, the compensation which, but for this paragraph, would be payable shall be reduced by that proportion which such pre-exist-ing physical handicap, disease or lesion contributed to the production of the results following the injury.”
The medical findings showed without dispute that the pre-existing aneurysm was, at least, a major contributing factor in the death.
Where there is competent evidence properly before the commission in the form of medical findings of a preexisting “physical handicap, disease or lesion,” and the proof is undisputed that this was a “material contributing factor in the results,” it is mandatory under the statute that the compensation “shall be reduced.”
In Cuevas v. Sutter Well Works, 245 Miss. 478, 150 So.2d 524 (1963), the Court said:
“ * * * The evidence does not show by medical findings pre-existing diabetes or arteriosclerosis. Medical findings must have some reasonable and logical basis. Here they were the result of speculation and conjecture. At the most there was no more than a scintilla of evidence to indicate any such pre-existing conditions. The, evidence wholly failed to show that such assumed conditions were ‘a material contributing factor in the results following injury,! and therefore there was no basis for a proportionate reduction of the compensation payable to claimant.” (Emphasis added.) (245 Miss at 486, 150 So.2d at 527.)
The Court went on to hold that there was no substantial evidence to support the commission’s findings as a prerequisite to apportionment of compensation. The Court did say that the amendment to Section 6998-04 (requiring apportionment) should be construed in a fair manner, equitably and justly.
In the Cuevas case, supra, the Court held' that the burden of establishing physical handicap, disease or lesion for which a reduction of compensation should be made, falls upon the employer-carrier and is an affirmative defense to be asserted and proved. In the case now before us, the preexisting physical handicap, disease or lesion was asserted by appellee as an integral and indispensable part of her claim. This was not in dispute and was established beyond question by all of the medical findings'. In that situation, it would not comport with reason to say that the commission should not apportion the award as required by the statute because the physical handicap, disease or lesion was not also asserted by the employer-carrier. There is no question, that it was proved by both sides.
In Bill Williams Feed Service and Western Casualty & Surety Company v. Mangum, No. 43,827, decided by this Court on March 14, 1966 and appearing in 183 So.2d 917 (Miss.1966), this Court said:
The apportionment statute is mandatory when the employer pleads it and meets the burden of proof.
Apportionment is peculiarly within the province of the commission. Here, the medical evidence was that the preexisting lesion was a material contributing factor in the result. This evidence was relevant and competent. It was material to the issue. It was undisputed. It was properly before the commission as the trier of facts. Under these circumstances, it may not be ignored -or disregarded and requires apportionment under the statute.
*224 In reaching this conclusion, it is not intended to overrule those cases in which this Court has held that, ordinarily, apportionment, as a defense based upon an assertion that preexisting disease was a material contributing factor, is an affirmative defense, to be pled and proved. In none of those cases was the causal connection of the preexisting condition asserted or proved by claimant as an integral and indispensable part of the claim.
The time consumed by this appeal is urged as a reason supporting the denial of apportionment. Delay is regrettable but is sometimes inevitable if the substantial rights of litigants are to be protected. The result would not have been different if, in addition to the defense of no causal connection whatever between the death and the job, a further express plea of apportionment upon the basis of preexisting condition had been interposed and the commission had reached the same conclusion that it did reach and had denied the claim. A remand for apportionment nevertheless would have been necessary.
Larson, Workmen’s Compensation section 78.10 (1961) states in part as follows:
“The adjective law of workmen’s compensation, like the substantive, takes its tone from the beneficent and remedial character of the legislation. Procedure is generally summary and informal. The initial handling of claims, and perhaps the first reviews, are administrative in all hut a few states. The whole idea is to get away from cumbersome procedures and technicalities of pleading, and to reach a right decision by the shortest and quickest possible route. * * *”
Mississippi Code Annotated section 6998-28 (1952) provides in part:
“In making an investigation or inquiry or conducting a hearing, the commission shall not be bound by common law or statutory rules of evidence or by technical or formal rules or procedure, except as provided by this act, but may make such investigation or inquiry or conduct such hearing in such manner as best to ascertain the rights of the parties.”
The judgment entered here by this Court on the former appeal directed that the case be “remanded to the Workmen’s Compensation Commission for the fixing of compensation and benefits under the Act.”
The evidence already in the record is ample to form the basis of an apportionment, under decisions of this Court previously cited. As stated in 101 C.J.S. § 790, supra, on remand, “a repetition of the evidence presented at the original hearing is not necessary * * However, upon fair notice to the opposite party, either party may introduce further evidence, not merely cumulative, bearing upon and limited to the degree of apportionment required because of the causal contribution of the preexisting lesion as a factor in the death of the employee.
The order denying apportionment is reversed and the case is remanded to the Commission for the fixing and apportionment of the award, to be apportioned upon the basis of the evidence.
Reversed and remanded to the Commission to fix and apportion the award.
JONES, BRADY, PATTERSON and ROBERTSON, JJ., concur.