RODGERS, Justice
(dissenting) :
With due respect for the fine study my astute colleagues have given to the problem here involved, I must, nevertheless, register my objection to the results reached in the majority opinion in this case. I agree with the cases cited, but I do not agree with the interpretation here being put upon them. In the majority opinion, we say that we do not intend to overrule those cases which require that the affirmative defense of apportionment be pleaded and proven, because, it is said, the widow-claimant had to plead and prove that the deceased-workman’s *225 heart aneurysm was aggravated by his work, causing his death. For that reason, it is held that the employer was not required to plead apportionment during the original hearing, but could wait until the court returned the case to the Workmen’s Compensation Commission for execution of the judgment. The employer is then, for the first time, permitted to raise the affirmative defense in an effort to reduce the award allowed by this Court. It seems to me that the effect of our opinion will permit the employer to hold back the affirmative defense of apportionment so as to harass the workman or his dependents, and thus delay the prompt payment of the disability benefits intended by the Workmen’s Compensation Law.
There can be no question but that heretofore we have held that apportionment under Mississippi Code Annotated section 6998-04 (1952) must be pleaded and proven by the employer as an affirmative defense. See Mississippi Federated Co-ops. v. Roberts, 248 Miss. 732, 160 So.2d 922 (1964); Cuevas v. Sutter Well Works, 245 Miss. 478, 146 So.2d 542, 150 So.2d 524 (1963); Federal Compress & Warehouse Co. v. Clark’s Dependents, 246 Miss. 868, 152 So.2d 921 (1963); Southeastern Constr. Co. v. Dobson’s Dependent, 247 Miss. 1, 163 So.2d 276 (1963).
This rule is intended to permit the Commission, not only to hear medical proof of a preexisting physical handicap, disease or lesion, but also to determine the percentage of the disability in making the award at the original hearing.
The case of Southeastern Construction Company v. Dodson’s Dependent, 247 Miss. 1, 153 So.2d 276 (1963), cited in the majority opinion, is a fair example of this rule. In that case, the attorney-referee refused to apportion the compensation. The Workmen’s Compensation Commission applied a twenty-five per cent apportionment to the weekly wage of the workman, and although the circuit court reversed the award, this Court affirmed and reestablished the order of the Commission. Thus, the employer was required to carry out the intent of the Workmen’s Compensation Law by promptly paying the benefits required by the law to be paid by the employer.
The Dodson case, supra, also demonstrates the wisdom of Mississippi Code Annotated section 6998-26 (1952) requiring the circuit court, on appeal, to enter the award or judgment as the Commission should have entered upon discovering a prejudicial error.
It was contended by the employer in the case at bar that Procedural Rule No. 4 of the Workmen’s Compensation Commission does not apply to apportionment of the award where it says “All affirmative defenses such as intoxication of the injured, willful intent to injure himself or another, statute of limitations, lack of notice, etc., must be pled. Unless so pled they shall be deemed waived.” It is argued that the doctrine of ejusdem generis requires that we interpret Rule 4 to mean “like defenses” and that Rule No. 4 only applies to pleas in bar. It is argued that apportionment, on the other hand, requires the Commission to reduce the award, regardless of whether or not it is pled. This argument might have had force before this Court established the rule that apportionment is an affirmative defense, and that a failure to plead apportionment is a waiver of this defense. Mississippi Federated Co-ops. v. Roberts, 248 Miss. 732, 160 So.2d 922 (1964). Moreover, I do not agree that under Mississippi Code Annotated section 6998-04 (1952) it is mandatory that the Commission shall reduce the award due under the Workmen’s Compensation Act because of preexisting handicap, disease or lesion, for the reason that we have held that the Commission is only required to apportion the award when the preexisting handicap is pleaded by the employer.
*226 Dunn, Mississippi Workmen’s Compensation section 228 (Supp.1965), points out that:
“Formal pleadings are now required. A cause is controverted by the employee by filing with the Commission a properly executed Form B 5-11. In the event an employer desires to controvert a cause he must file with the Commission a Form B-3 along with all medical reports in reference to the cause. In addition thereto, he must file a concise statement giving the reasons why the matter is controverted.
“* * * (A)nd, in addition to the properly executed Form B 5-22, there must be attached, if the employer so desires, any affirmative defense. Aver-ments contained in claimant’s B-ll to which a responsive answer is required are admitted when not denied in the responsive answer. All affirmative defenses such as intoxication of the injured employee, wilful intent to injure himself or another, statute of limitations, lack of notice, etc., must be pleaded. Unless so pleaded they are deemed waived.”
Dunn, section 179.2, supra, also states that:
“In order to reserve a point for review by the Supreme Court, the point must be presented to the Commission and also to the Circuit Court by an assignment of error there on a direct or cross-appeal. Thus, where a claimant receives an award which omits items to which he is entitled and there is no appeal by the claimant to the Circuit Court and no cross-assignment on appeal to that court by the employer, the error cannot be corrected by the Supreme Court on cross-appeal there. Also, save in exceptional cases, the court will not examine a point raised and presented for the first time on a suggestion of error.”
There are a few cases where the Commission failed to hear the evidence in which we have returned the claim to the Commission for further consideration. Wells-Lamont Corp. v. Watkins, 247 Miss. 379, 151 So.2d 600 (1963); Scott Builders, Inc. v. Dependent of Layton, 244 Miss. 641, 145 So.2d 165 (1962); L. B. Priester & Son, Inc. v. Dependents of Bynum, 244 Miss. 185, 137 So.2d 907, 141 So.2d 246, 142 So.2d 30 (1962). However, I am of the opinion that the argument that the Workmen’s Compensation Commission can, upon remand from this Court, permit new defenses to be pleaded and retry a claim for compensation is adverse to the very intent of the Workmen’s Compensation Law. The- theory of the Workmen’s Compensation Law contemplates that “Compensation under this act shall be paid periodically, promptly, in the usual manner, and directly to the person entitled thereto, without an award, except where liability to pay compensation is controverted by the employer.” (Miss. Code Ann. § 6998-19, 1952). It is necessary, therefore, that the employer controvert the claim of the employee by pleading the affirmative defense of apportionment so that the Commission may hear evidence showing the percentage of prior disability under the authority of Mississippi Code Annotated section 6998-04 (Supp. 1964), as amended by Laws 1958, Chapter 454, section 1.
Mississippi Code Annotated section 6998-24 (1952) permits the Commission to establish rules of procedure and to have informal conferences (§ 6998-26, supra), and provides that its awards shall be final on appeal. The right of immediate hearing is so precious, the Legislature provided that “The circuit court shall always be deemed open for hearing.” (Miss. Code Ann. § 6998-26, 1952).
I agree with the majority opinion that pleadings in the Workmen’s Compensation Commission should be informal and that the Commission should not “be bound by common law or statutory rules of evidence or by technical and formal rules of procedure”, except as provided by the Workmen’s Com *227 pensation Law. (Miss. Code Ann. § 6998-28, 1952). On the other hand, I respectfully point out that, it is intended by the Workmen’s Compensation Act that all pleadings by the parties and investigation by the Commission shall have been filed and performed before “The final award of the commission shall be (shall have become) conclusive and binding * * (Miss. Code Ann. § 6998-26, 1952). To that end, the law provides that on appeal to the circuit court “If no prejudicial error be found, the matter shall be affirmed and remanded to the commission for enforcement. If prejudicial error be found, the same shall be reversed and the circuit court shall enter such judgment or award as the commission should have entered.” (§ 6998-26, supra.)
The majority opinion is based upon the theory that since testimony was introduced in this case showing that a preexisting disease or lesion was aggravated by the work performed by the deceased, that fact alone authorizes the Commission to apportion the award upon remand from this Court. This theory is gleaned from cases remanded to the trial court in the process of ordinary appeal in the judiciary, and not from the Workmen’s Compensation Law.
I cannot agree with this determination for three reasons: First, the Workmen’s Compensation Law, as written in this State, and discussed above, is adverse to this contention. Second, this theory overlooks the rule that the Supreme Court will not reverse a case upon some ground or theory, not submitted to the trial court. This is an old rule. Ready-Mix Concrete & Concrete Products Co., Inc. v. Perry, 239 Miss. 329, 123 So.2d 241 (1960); Williams v. Lumpkin, 169 Miss. 146, 152 So. 842 (1934); Jones v. Taylor, 156 Miss. 790, 126 So. 821 (1930); Noxubee County v. Long, 141 Miss. 72, 106 So. 83 (1925); Talbert v. Melton, 17 Miss. (9 Sm. & M.) 9 (1847).
In the case of Equitable Life Assurance Society v. Slaughter, 178 Miss. 366, 172 So. 300 (1937), where the question as to whether or not the insured could recover total and permanent disability benefits accruing before proofs were made, this Court said: “We have no right to decide this question, because it was not raised by appellant in the pleading, and it appears from the record that the point was first made in this court.” 178 Miss, at 376, 172 So. at 303.
We pointed out in Ranson v. Harroun, 147 Miss. 579, 113 So. 206 (1927), that a plea of limitation to bar recovery must be submitted to the trial court and cannot be for the first time interposed on appeal.
Again, I point out that on appeal in the Workmen’s Compensation Law to the circuit court, (and of course to this Court), the order of the circuit court is required to terminate the matter by entering such order as the Commission should have entered. (Miss. Code Ann. § 6998-26, 1956)
Finally, Third — in the case at bar, upon the previous appeal (250 Miss. 407, 165 So. 2d 336, 1964) the employer waived the right to file the affirmative defense of apportionment by stipulating into the record that the only issue to be heard before the Commission on the original hearing was whether or not there was a causal relationship between the workman’s employment and his injury. The case was tried on that theory, and the Workmen’s Compensation Commission took no evidence as to the percentage of apportionment to be made to the prior disease or lesion, and has no testimony before it on which it can now base such a judgment.
I respectfully register my disagreement with the result reached by the majority in this case.
ETHRIDGE, C. J., GILLESPIE, P. J., and INZER, J., join in this dissent.