489 So.2d 1378 (1986)
DELTA DRILLING COMPANY and Aetna Casualty and Surety Company
v.
Thomas L. CANNETTE.
No. 55621.
Supreme Court of Mississippi.
May 21, 1986.
Rehearing Denied July 9, 1986.
William D. Blakeslee, Robert H. Walker, Bryant, Stennis & Colingo, Gulfport, for appellants.
Robert W. Smith, Biloxi, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This workers' compensation appeal presents questions regarding the adequacy of proof to establish a work connected injury and disability, the authority of the Mississippi Workers' Compensation Commission to reopen the evidentiary record to direct the taking of additional testimony, and finally whether the evidence here suggests an apportioned award. Not formally raised but of greater concern is the inordinate delay which has been encountered in bringing this matter to a conclusion  the injury having occurred on October 3, 1980, and the motion to controvert having been filed on April 3, 1981.
For the reasons explained below, we hold that the evidence adequately established that Claimant sustained a work connected *1379 injury and that the procedural indulgences granted Claimant by the Commission en route were well within the Commission's authority and discretion. Because we are of the opinion that the evidence overwhelmingly establishes that a part of Claimant's disability is the proximate result of a preexisting handicap, disease or lesion, we vacate the judgment below and remand for the entry of an apportioned award.

II.
Thomas L. Cannette, Claimant below and Appellee here, was born on February 10, 1944, and is now some 42 years of age. Cannette has not worked since October 3, 1980. He has a third grade education, can neither read nor write and has spent most of his adult life as a roughneck on oil rigs. Many of these years have been spent in the service of Delta Drilling Company, Employer herein and one of the Appellants herein.
The parties have stipulated that Cannette is permanently, totally and occupationally disabled.
On October 3, 1980, Cannette was working for Delta Drilling on Rig No. 56 outside of Columbia, Mississippi. His description of his injury appears in the record as follows:
We were tripping pipe... . The driller was brand new on the rig. He didn't know nothing about it.... I've got a belt on, and I reach out and put rope around the drill pipe and pull it in... . You've got five or six inches before the pipe sits on the board, the driller slaps on the handle, the brake handle. You've got a twenty to twenty-five ton block holding that and if you have got a wrap around it and already pulling ... when he slams down on the brake the drill pipe and block will sling on you... . . When he did that he just pulled me half in two... . It felt like all my bottom slapped to my head ... it wasn't two or three stands and he pushed down on the handle again... . He was getting nervous... . Last time he pulled, I felt like everything tore loose. I felt like my whole guts were tore loose. I felt like my whole guts were coming out of my stomach... As I was getting in my car, I got halfway and I had to stop and I started throwing up ...
The only other witness who testified was Dr. Jerry R. Adkins. After several false starts, Dr. Adkins supplied medical expert testimony regarding the work connectedness of Cannette's injury and disability.
On May 19, 1982, the Administrative Judge entered an order dismissing Cannette's claim on grounds that the evidence failed to establish a compensable injury which arose out of and in the course and scope of Cannette's employment. After considerable procedural maneuverings to be noted later, the Mississippi Workers' Compensation Commission on May 27, 1983, entered its order in lieu of the order of the Administrative Judge finding that Cannette had indeed sustained a compensable work connected injury and ordering Delta Drilling Company, Employer, and Aetna Life and Casualty Company, Carrier, to pay to Cannette permanent and total disability benefits at the rate of $98.00 per week beginning October 3, 1980, and continuing for a period not to exceed 450 weeks for a total sum of $44,100.00. Employer and Carrier were also ordered to provide reasonable and necessary medical services and supplies. Miss. Code Ann. § 71-3-15 (1972). On January 25, 1984, the Circuit Court of Stone County, Mississippi, affirmed. This appeal has followed.

III.
The bottom line position of Employer and Carrier is that Cannette has simply not suffered a compensable, work connected injury. In their brief they even deny that Cannette was at work on the day he claims he was injured. The Commission, however, found to the contrary and the Circuit Court has affirmed.
The finding under attack here, viz. that Cannette suffered a work connected injury on October 3, 1980, and is occupationally disabled as a result thereof, is a finding of fact made by an administrative agency charged in law with the responsibility for making such findings. Miss. Code Ann. § 71-3-47 (1972); Dunn, Mississippi Workmens *1380 Compensation, §§ 284, 361-63 (3d ed. 1982). Under our statutory scheme, the Mississippi Workers' Compensation Commission is the factfinder. Our scope of review on appeal is limited, as is the authority of the circuit court. Our function is to determine whether there is substantial credible evidence which would support the factual determination made by the Commission. Georgia-Pacific Corporation v. Veal, 484 So.2d 1025, 1027 (Miss. 1986). If there should be such substantial credible evidence, we are without authority to disturb that which the Commission has found, even though that evidence would not be sufficient to convince us were we the factfinders. Olen Burrage Trucking Co. v. Chandler, 475 So.2d 437, 439 (Miss. 1985); South Central Bell Telephone Company v. Aden, 474 So.2d 584, 589-90 (Miss. 1985); Staple Cotton Services Association v. Russell, 399 So.2d 224, 228-29 (Miss. 1981); King & Heath Construction Co. v. Hester, 360 So.2d 692, 694 (Miss. 1978).
It matters little that this might be a doubtful case of compensability. This Court has repeatedly directed both the administrative and judicial agencies considering such cases that doubts should be resolved in favor of finding compensability to the end that the beneficent purposes of the act may be implemented. South Central Bell Telephone Company v. Aden, 474 So.2d 584, 590 (Miss. 1985); Barham v. Klumb Forest Products Center, Inc., 453 So.2d 1300, 1303-04 (Miss. 1984).
In this context we recall that the only fact witness was the Claimant, Thomas Cannette. His narrative description of the injury, set forth in Section II above, is sufficient unto the day.
To be sure, our law requires that a disability determination be supported by medical findings. Miss. Code Ann. § 71-3-3(i) (Supp. 1954); Cole v. Superior Coach Corp., 234 Miss. 287, 106 So.2d 71, 72 (1958). Dr. Adkins supplied this requisite by this testimony that "his [Cannette's] job related injury was related to his subsequent findings and his physical disability ... I am certain that his job was related to his physical findings, yes." The fact that Dr. Adkins was uncertain regarding the extent to which Cannette disability was attributable to the October 3, 1980 accident and the further fact that Dr. Adkins refused to employ the word "substantially" to his opinion are in no way fatal. Our law does not require a precise, complete and unequivocal medical explanation of the extent to which an industrial accident has caused a claimant's injury and attendant disability. South Central Bell Telephone Company v. Aden, 474 So.2d 584, 591 (Miss. 1985); Myles v. Rockwell International, 445 So.2d 528, 536 (Miss. 1983).
In short, we reject and deny employer and carrier's assignment of error that Claimant's evidence, both lay and medical, was insufficient to sustain an award.

IV.
Employer and carrier further argue that the full Commission order should be reversed because of certain procedural indulgences allegedly afforded Claimant without authority. These have principally to do with the Commission's allowing Claimant to reopen its case to produce a second deposition by Dr. Adkins. We think it apparent that Claimant properly supported its application to reopen with a report from Dr. Adkins. The fact that this report was not in question and answer, sworn, evidentiary form in no way precluded the Commission's considering it as supporting the proposition that a mistake of fact had been made on the question of the work connectedness of Cannette's disability.
We emphasize that the Commission is an administrative agency, not a court. It has broad discretionary authority to establish procedures for the administration of compensation claims. It has like authority to relax and import flexibility to those procedures where in its judgment such is necessary to implement and effect its charge under the Mississippi Workers' Compensation Act. It is a rare day when we will reverse the Commission for an action taken in the implementation and enforcement of *1381 its own procedural rules. Today is not such a day.

V.
Employer and Carrier complain, in the alternative, that the evidence overwhelmingly establishes that Claimant's disability is at least in part attributable to a preexisting condition. In this regard Employer and Carrier urge that the Commission erred in its refusal to apportion the compensation award. Cited in support is Miss. Code Ann. § 71-3-7 (1972) which states, inter alia:
Where a preexisting physical handicap, disease, or lesion is shown by medical findings to be a material contributing factor in the results following injury, the compensation which, but for this paragraph would be payable shall be reduced by that proportion which such preexisting handicap, disease, or lesion contributed to the production of the results following the injury.
The ground rules for apportionment of benefits are illustrated in Riverside of Marks v. Russell, 324 So.2d 759 (Miss. 1976), in which the Court stated as follows:
To be entitled to apportionment, however, the employer must establish the four factors set out in Cuevas v. Sutter Well Works, 245 Miss. 478, 485, 150 So.2d 524 (1963):
(1) that there must be a pre-existing physical handicap, disease or lesion, (2) this pre-existing condition must be shown by medical findings, (3) to be a material contributing factor in the results following injury, and (4) the compensation otherwise payable is reduced by that proportion which the pre-existing condition contributed to the production of the results following the injury. (Citations omitted)
Id. at 762.
The record reflects without contradiction that, prior to October 3, 1980, Cannette had experienced four prior hernias and pain associated with the scar tissue resulting from these hernias. The only medical testimony before the Commission was that of Dr. Adkins. As indicated above, Dr. Adkins was of the opinion that Claimant's present disability was related to the October 3, 1980, injury. It is important to realize that Dr. Adkins had treated Cannette through each of his four prior surgeries. Therefore, when Dr. Adkins refused to state that Claimant's present disability was solely caused by the October 3, 1980, accident, the only logical inference was that the prior handicaps, diseases, or conditions experienced by Claimant (and of which Dr. Adkins had extensive knowledge), also contributed to his present disability.
We recognize that the Commission's finding on the apportionment issue is essentially a factual finding entitled to deference under the substantial evidence rule. Findings may be determined clearly erroneous, however, if, on the entire record, the reviewing court is left with a firm and definite conviction that a mistake has been made by the Commission in its findings of fact. Central Electric Power Association v. Hicks, 236 Miss. 378, 390, 110 So.2d 351 (1959). This is so even though there may be slight evidence before the Commission to support the finding made. South Central Bell Telephone Company v. Aden, 474 So.2d 584, 595 (Miss. 1985). Here the totality of the evidence in the record leaves us with the firm and definite conviction that the Commission was mistaken in its failure to sustain employer and carrier's defense of apportionment.
In Southeastern Construction Company v. Dodson, 247 Miss. 1, 153 So.2d 276 (1963), we stated:
That percentage [of the degree of contribution] is a matter largely to the sound discretion of the Commission, to be exercised in view of all the circumstances, and upon a fair view of all the facts.
247 Miss. at 15, 153 So.2d at 283.
This premise in mind, we vacate so much of the judgment of the Circuit Court as affirms the Commission's refusal to apportion the award given Cannette and direct that the matter be remanded by the Circuit Court to the Commission with instructions to undertake such proceedings and consider *1382 such evidence as may be proper and in the end, to exercise its sound discretion, to determine the extent to which Cannette's permanent, total occupational disability is the result of a preexisting handicap, disease or lesion within the meaning of Miss. Code Ann. § 71-3-7 (1972).
We have considered the other points assigned and pressed upon us by counsel and find that they merit neither comment nor reversal.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.