JONES, Justice.
This case comes from the Circuit Court of Forrest County which affirmed the finding of the Workmen’s Compensation Commission allowing compensation to the dependents of Charles H. Walker for his death allegedly received in the course and scope of his employment.
For reasons hereinafter stated, we affirm the case.
The decedent was employed for a number of years as a welder by appellant, and was a good, steady employee. About a week prior to his death, he told his wife that he had lifted something at the shop which had caused him pain in his chest, back and arms. He did not see a doctor, but the pain in his chest recurred at intervals. About a week after the first pain, while at work, it became so severe he told his foreman that he wanted to go see his wife’s doctor. The foreman suggested that he, the foreman, call a doctor, but decedent insisted his wife be called so she might take him to her doctor. She carried him home for the purpose of removing grime and dirt occasioned by his work and also changing clothes. While at home, sitting in a chair, he slumped over and died.
On hearing, the dependents were allowed full compensation by the Commission; on appeal, its finding was affirmed.
The only suggestion of error here which we deem necessary to discuss is one which charges the award should have been apportioned, allowing some percentage of it to a preexisting disease rather than all to the injury received.
When the matter was submitted to this Court, there was then pending here the case of Armstrong Tire & Rubber Company, et al. v. Payton, etc., 186 So.2d 217, which was decided May 9, 1966.
Previous to that time, we had held it was necessary for an employer desiring the benefit of the apportionment statute to plead and prove the necessary elements therefor. Mississippi Federated Cooperatives v. Roberts, 248 Miss. 732, 160 So.2d 922 (1964).
In the case of Cuevas v. Sutter Well Works, 245 Miss. 478, 146 So.2d 542, 150 So.2d 524 (1963), the Court announced the facts necessary to be proven to obtain apportionment, and that the claimant had the burden of establishing same.
In the Payton case, supra, it was stated:
“Under the stated circumstances of this case, no further pleading was necessary in order to require apportionment upon the basis of the evidence.”
There claimants had filed for compensation upon a statement decedent “suffered a ruptured vascular aneurysm aorta while engaged in work.” The employer answered denying the work had any connection with the death. Upon a hearing before the Attorney Referee and before the Workmen’s Compensation Commission, the claim of the employer was sustained, and judgment of the Commission was affirmed by the circuit court. On appeal to this Court, the case was reversed, saying that the weight *592 of the evidence showed work performed by the decedent aggravated his preexisting condition and the claimants were entitled to recover.
On the first trial before the Attorney Referee, the medical evidence was introduced, and it was shown that an autopsy was performed which disclosed that the decedent (Payton) had a large aneurysm which had ruptured. This preexisting condition was established beyond doubt by the medical proof.
When the matter came on for rehearing before the Attorney Referee, Payton’s employer sought to apply the apportionment statute, even although not shown by the opinion, asking for permission to amend so as to plead same. This was rejected by the Attorney Referee and by the Commission on the strength of the cases above cited.
In the instant case decedent had never been to the doctor regarding his chest and pains therein. No doctor had made any clinical tests to determine the existence thereof and no autopsy was made. The doctors here introduced testified the cause of the death could not be entirely determined without an autopsy. Their statements as to the existence of a prior arteri-osclerotic condition was given in response to a hypothetical question, including the cause of death shown on the death certificate. As a matter of fact the doctors were not too positive.
As stated in the Cuevas case, supra, the factors necessary to be proven are:
“ * * * (1) that there must be a preexisting physical handicap, disease or lesion,
(2) this pre-existing condition must be shown by medical findings
(3) to be a material contributing factor in the results following injury, and
(4) the compensation otherwise payable is reduced by that proportion which the pre-existing condition contributed to the production of the results following the injury.” (245 Miss. at 485, 150 So.2d at 527.)
The doctors’ testimony in the instant case was largely as the doctors’ testimony in the Cuevas case in which it was held:
“ * * * The evidence does not show by medical findings pre-existing diabetes or arteriosclerosis. Medical findings must have some reasonable and logical basis. Here they were the result of speculation and conjecture. At the most there was no more than a scintilla of evidence to indicate any such pre-existing conditions. The evidence wholly failed to show that such assumed conditions were ‘a material contributing factor in the results following injury,’ and therefore there was no basis for a proportionate reduction of the compensation payable to claimant.” (245 Miss. at 486, 150 So.2d at 527.)
In addition, the Attorney Referee in the instant case called attention in his opinion to Mississippi Federated Cooperatives v. Roberts, supra, and in that case, the Cuevas case is cited.
Nevertheless, the employer made no application before the Attorney Referee to re-open and for permission to plead in accordance with Roberts. The holding by the Attorney Referee that employer had waived apportionment by not so pleading is given as ground for appeal before the Commission, and, yet, the employer made no motion or request of the Commission that it be permitted to amend its pleading and for either a consideration of the evidence on the question of apportionment or remand to the Attorney Referee for further hearing.
For the reasons hereinabove stated, we are of opinion that the employer failed to meet the burden of proof relative to the apportionment and that it also waived same by failing to plead as required by Roberts.
Affirmed.
All Justices concur.