PATTERSON, Justice.
This is an appeal from a judgment of the Circuit Court of Pearl River County which reversed an order of the Mississippi Workmen’s Compensation Commission, such order having affirmed that of the attorney referee denying the claim of Mrs. Myrtle Smith against her employer, Better Living Markets, Inc., and its carrier, United States Fidelity & Guaranty Company.
The appellee commenced this action by filing the appropriate Mississippi Workmen’s Compensation form on July 29, 1968, alleging that she was entitled to benefits under the provisions of the Act as the result of an injury received by her on Saturday, March 9, 1968, while she was in the employ of Better Living Markets, Inc. and acting within the scope and course of her employment.
The appellants denied that the claimant sustained an injury, denied that at the time of the alleged injury the claimant was performing services in the course of her employment, denied that notice of injury was received, denied that claimant was either temporarily or permanently disabled and denied the average weekly wage of the claimant. More specifically, by way of addenda to the answer, the defendant alleged (a) that the claimant suffered from a pre-existing disease, handicap, or lesion, which is the sole, proximate, and only cause of the disability, if any, suffered by the claimant; or alternatively, the employer/carrier is entitled to proration under the Mississippi Workmen’s Compensation Act, *153 and (b) that the claimant did not sustain a compensable injury.
The record reflects that the claimant while employed by Better Living Markets, Inc. and pursuant to the directions of her superior, was engaged in bagging and weighing potatoes in ten-pound quantities. While so engaged, she experienced pain in her chest described by the claimant as:
“A. * *. * And, I was lifting the potatoes up about chest high and he put another hundred pounds in the basket after I finished those and my chest began hurting.
“Q. Would you tell just exactly what you were doing?
“A. I was lifting the potatoes, the ten-pound bags of potatoes, up on the scales.
“Q. What happened ?
“A. I began hurting in my chest.
“Q. Would you describe the kind of hurting and where it was?
“A. It was in my ribs, from the front through the back, felt like they was just scalded; about five inches of my ribs felt like they were burned and I was hurting so bad until I had to go sit down.”
After taking a “heart pill” offered by a coemployee, and two “Alka Seltzers”, claimant returned to her regular duties at the cash register and worked until nine o’clock that night. After a restless night and continuing pain, the claimant sought the medical services of Dr. W. F. Stringer on Monday following the alleged injury of the preceding Saturday. Dr. Stringer advised, upon the history of the chest pains, that she enter the hospital. It was there determined, after extensive medical tests, that the claimant suffered a herniated thoracic disc. This condition required the claimant to be hospitalized for approximately seven and one-half weeks. She presently wears a “Jewitt” brace and continues to be disabled. Prior to March 9, 1968, claimant had been in good health, not having missed a day’s work in more than one year and ten months.
On cross-examination Dr. Stringer testified that a tremendous force is required to herniate a disc in a normal spine, but that if the spine is weakened by disease, that less force would be required to rupture or herniate a disc. It was his opinion that lifting a ten-pound sack of potatoes from a grocery cart to weighing scales would not ordinarily herniate a thoracic disc. He stated on redirect examination the following:
Now, I have to go back to the fact— now, I’m thinking about by medical conscience more so than I am about the legality in this — go back — if a person does not have a diseased back, they cannot get a ruptured disc by lifting a 10-pound weight. If they’ve got a diseased back, if the pre-existing condition is there, and there is no other history of any kind of trauma, then ' I have to assume that’s what did it. It was caused by trauma. But, I had to go back to this other to qualify my statement because I’m saying this as a doctor, not as a witness, as far as I’m concerned, and I want my testimony to be honest and true just as—
The attorney referee subsequently asked:
“Q. Doctor, if I understand you correctly, please, sir, one time you said that you were unable to express an opinion as to whether or not this lady’s ruptured disc, if she has one, in the thoracic area could be related to lifting those potatoes in that Better Living supermarket, is that correct?”
The doctor responded:
“A. Well, I’ve just expressed an opinion now, but it was a qualified opinion. Just on the basis of what I know about her case I couldn’t say that that caused it.”
*154 At this point the hearing was recessed and rescheduled for further proceedings at which time documents were introduced by the claimant relating to notice of the employer of the injury and claim. Whereupon, the claimant rested her case. The defendants without offer of proof also rested.
The attorney referee denied the claim because the medical evidence was insufficient, in his opinion, to establish a causal relation between the injury suffered by claimant and her employment. This order was affirmed by the commission, but was reversed by the circuit court which allowed full compensation.
The appellant assigns as error and now contends that the circuit court erred in reversing the order of the Workmen’s Compensation Commission because the claimant failed to meet the burden of proof in establishing a causal connection by medical findings between the injury and her employment, and because the findings of fact by the commission were supported by substantial evidence, and that the reversal by the circuit court was contrary to the overwhelming weight of the clear and credible evidence.
We affirm as to compensability and remand.
The evidence of the claimant establishes that she was injured within the scope and course of her employment. It is also unquestioned that the claimant is disabled due to a herniated disc. The primary question for determination is whether there was substantial evidence to support the commission’s finding that there was no causal connection between the injury and the resulting disability. We conclude that there was, and that the circuit court did not err in setting this finding aside.
Dr. Stringer testified that the chest pains suffered by the claimant were in the left thorax and that this pain would radiate to the substernal area, the sternum in front and into the left arm. He then testified that the pain radiations would follow a band around the rib cage, the left thorax. He located the left mid-thoracic area as being in the area of his left upper coat pocket and around under the left arm. This history of the pain suffered by claimant and related to the doctor was, in his opinion, compatible to that normally associated with a herniated disc. In Ingalls Shipbuilding Corp. v. Howell, 221 Miss. 824, 830, 74 So.2d 863, 864 (1954) the Court said:
This case hinges on the question of causal connection; if Howell’s work caused the heart attack or in any manner aggravated, accelerated or contributed to the attack, then Howell’s heart attack is compensable. * * *
In Marley Construction Co. v. Westbrook, 234 Miss. 710, 107 So.2d 104 (1958) we held that it was not necessary that medical testimony be supplied to establish the cause and effect of an injury of the nature claimed, a back injury, when the claimant testified to pain in the regions referred to in his doctor's report, which were normal for a spinal injury and were uncontradict-ed.
In International Paper Co. v. Wilson, 243 Miss. 659, 676, 139 So.2d 644, 651 (1962), a case primarily concerned with incapacity due to a mental condition, which was determined not to be a work-connected injury, the following general rule is set forth:
“The rule in this State is that when a pre-existing disease or infirmity of an employee is aggravated, lighted up, or accelerated by a work-connected injury, or if the injury combines with the disease or infirmity to produce disability, the resulting disability is compensable. * * * »
See also Bates v. Merchants Co., 249 Miss. 174, 161 So.2d 652 (1964).
In view of these authorities and the uncontroverted fact that the pain of claimant began with her lifting a sack of pota *155 toes, combined with the medical evidence that the pain was compatible with the injury, we are of the opinion that there was medical evidence of a causal connection between claimant’s injury and her present disability. We therefore find no merit in the assignments of error.
The question of the proper disposition of the case gives concern. The defendants have pled that the disability results entirely from a pre-existing disease, or alternatively, that compensation be apportioned since the disability is the result of a combination of a pre-existing disease and a work-connected injury. The defendants offered no evidence in support of these affirmative defenses. We held under the peculiar facts existing in Armstrong Tire & Rubber Co. v. Payton, 186 So.2d 217 (Miss.1966) that where there is competent evidence properly before the commission in the form of medical finding of a preexisting physical handicap, disease, or lesion, and the proof is undisputed that this was a major contributing factor in the results, it is mandatory under the statute that the compensation shall be reduced even though the affirmative defense was not pled.
Subsequently, in Mississippi Tank Co. v. Dependents of Walker, 187 So.2d 590 (Miss.1966), we held that where there was no evidence of pre-existing disease and the employer had failed to plead apportionment, it was waived. In the instant case apportionment was pled and there is sufficient evidence in the record, though the defendant offered no proof, to require apportionment. Dr. Stringer testified on cross-examination that in his opinion the lifting of a ten-pound sack of potatoes was insufficient to cause the injury unless there was a pre-existing disease which had weakened the spine. There is an X-ray report of the defendant’s spine in evidence which, when explained by a medical expert, indicates that there is a degenerative disease of the claimant’s lower spine. The doctor did not expound as to whether this condition existed in the upper spine other than to say that the rupture of the disc would not have occurred unless there was a pre-existing disease. Though we are not medical experts, this evidence is sufficient, in our opinion, to require a remand of the cause to the commission for determination as to the duration of temporary disability and the remaining permanent disability with compensation apportioned in accord with Mississippi Code 1942 Annotated section 6998-04 (1956).
Affirmed as modified and remanded.
ETHRIDGE, C. J., and JONES, IN-ZER, and ROBERTSON, JJ., concur.