ETHRIDGE, Chief Justice.
Joe Allen Easley was an employee of Futorian Manufacturing Company, appellant. While working on February 18, 1969, he suffered a heart attack and died at a hospital within a few hours. The employee’s wife and son filed a claim for death benefits under the Workmen’s Compensation Act. The Commission, affirming its attorney referee, held the medical evidence failed to establish that Easley’s heart attack and death were caused or contributed to by his employment. The Circuit Court of Chickasaw County reversed the Commission and awarded death benefits. On July 26, 1968, six months before Easley suffered his final and fatal heart attack, he had returned home from work only an hour or so when he suffered a severe coronary occlusion and cardiac infarction. He was hospitalized for several weeks.
Considering the totality of the testimony of claimant’s doctor, the only physician who testified, we think it was sufficient to establish without dispute that Easley’s work activities contributed to his heart attack and death. This doctor was Easley’s personal physician and treated him on the occasions of both of his heart attacks. Defendants offered no testimony. Although the testimony of Easley’s physician is in some respects ambiguous, we think it is sufficiently definite to constitute an unrebutted medical opinion, from the physician who actually treated deceased during both heart attacks, that his work activities contributed to the fatal illness. Accordingly, on the issue of liability the circuit court is affirmed.
*414 Defendants pleaded a pre-existing disease or physical condition as contributing to Easley’s death, and requested apportionment if benefits were awarded. There is sufficient evidence in the record to require apportionment, although the defendants offered no proof on this issue. Easley had suffered a major heart attack six months before the fatal event. This pre-existing condition contributed to, and had a part in, the employee’s death, which in turn was precipitated by his job activities. Better Living Markets, Inc. v. Smith 241 So.2d 152 (Miss. Nov. 9, 1970).
The judgment of the circuit court awarding workmen’s compensation benefits to the claimants is affirmed as amended and modified, to direct that this cause will be remanded to the Workmen’s Compensation Commission for apportionment in accord with the statute. Miss.Code 1942 Ann. § 6998-04 (Supp.1968).
Affirmed as modified, and remanded to the Workmen’s Compensation Commission.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.